UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMILOLA ADEPOJU<br><br>Defendant | CRIMINAL No. 21-cr-10207-PBS |

## JOINT SUPPLEMENTAL SENTENCING MEMORANDUM

The government and counsel for Mr. Adepoju, having reviewed their respective sentencing memoranda, provide this Joint Supplemental Sentencing Memorandum to address forfeiture, restitution, and the issue of Mr. Adepoju's profit from this scheme. The parties jointly propose restitution and forfeiture orders as follows:

- Restitution in the amount of $299,500, PSR ¶ 39, which includes:
    - $19,500 loss from the Washington State Employment Security Department.
    - $190,000 loss from the Massachusetts Department of Unemployment Assistance.
    - $90,000 loss from the United States Small Business Administration.
- Forfeiture in the amount of $90,000, as provided for in the government's motion for a money judgement and proposed order.

Restitution is appropriate for all reasonably foreseeable losses caused by the conspiracy as a whole.[1] Forfeiture, by contrast, only addresses the proceeds from the scheme that the defendant

---

[1] *United States v. Solis-Vasquez*, 10 F.4th 59, 63 (1st Cir. 2021), *cert. denied*, 142 S. Ct. 833, 211 L. Ed. 2d 515 (2022) ("[E]ach conspirator may be ordered to pay restitution for all the reasonably foreseeable losses caused by any conspirator in the course of the conspiracy.") (internal citations omitted); *United States v. Newell*, 658 F.3d 1, 32 (1st Cir. 2011) ("[I]t is well

had control over, even if they were later passed on to someone else.[2]  Separate restitution and forfeiture orders are required under the law, even though the orders may sometimes address overlapping sums of money.[3]

The parties also submit this memorandum to clarify a factual matter.  Defendant's Sentencing Memorandum states that Mr. Adepoju only retained approximately $80,000 in profits from this scheme.  Counsel for the government has not identified direct evidence that Mr. Adepoju retained more than $80,000 as profit and therefore, for the purposes of Mr. Adepoju's upcoming sentencing hearing, does not dispute that fact.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/ Christopher J. Markham
    CHRISTOPHER J. MARKHAM
    Assistant United States Attorneys

---

established that defendants can be required to pay restitution for the reasonably foreseeable offenses of their co-conspirators."); *United States v. Solares*, 236 F.3d 24, 26 (1st Cir. 2000) ("We have held that a defendant in a conspiracy is liable for all reasonably foreseeable losses caused to the victims by the conspiracy.")

[2] *See, e.g., United States v. Carpenter*, 941 F.3d 1, 9 (1st Cir. 2019) (addressing forfeiture and holding "that the definition of 'acquired' in § 981(a)(2)(B), is met, at the least, where the property was at some point under the defendant's control."); *United States v. Cadden*, 965 F.3d 1, 39 (1st Cir. 2020) (addressing forfeiture and holding "that a person obtains property even when the property is merely held in custody before being 'passed along to its true owner.'") (internal quotations omitted).

[3] *See, e.g., United States v. Bodouva*, 853 F.3d 76, 78-79 (2d Cir. 2017) ("Because the statutory schemes authorizing restitution and forfeiture are separate, district courts are bound not to reduce the amount of a mandatory criminal forfeiture order by the amount of past or future restitution payments, in the absence of specific statutory authorization to do so.").

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed on ECF will be delivered to defense counsel and U.S. Probation.

                                          /s/ Christopher J. Markham
                                          Christopher J. Markham
                                          Assistant United States Attorney

Date: April 11, 2022